JUSTICE McDONOUGH,
dissenting:
I dissent. This case involves the Disposition of Collateral after default under the U.C.C. Such disposition is governed by statute, § 30-9-504(3)(a), MCA, which clearly provides "... reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor ...” This section provides that disposition of collateral must be commercially reasonable. The burden of proof as to whether or not a disposition is commercially reasonable is on the secured party. It is generally held that a “secured creditor’s failure to give the notice required [now under § 30-9-504(3), MCA] prior to disposition of collateral precludes or limits the creditor’s right to recover a deficiency judgment. Annot. 59 ALR 3rd 401.” See Farmers State Bank v. Mobile Homes Unlimited (1979), 181 Mont. 342, 374, 593 P.2d 734, 737.
In the case of Wippert v. Blackfeet Tr. of Blackfeetlnd. Res. (1985), 215 Mont. 85, 695 P.2d 461, the secured party, after default of the debtor, sent a letter informing the debtor of its intent to foreclose and apply the proceeds to the loan. The secured party failed to state the time or place of the proposed sale. The collateral (cattle) was later sold at public auction for less than the indebtedness. The Court stated:
“This letter fails to satisfy the notice requirements of either the U.C.C. or the security agreement. There is no mention of either the time or place of sale, and without that information a debtor is precluded from taking action to assure that a competitive price is obtained for his collateral at a public sale.
“We hold that failure to provide the notice required by section 30-9-504(3), MCA, precludes a creditor’s right to obtain a deficiency judgment.”
Wippert, 695 P.2d at 465.
*101 In Bank of Sheridan v. Devers, 217 Mont. 173, 702 P.2d 1288, the secured party sent notice of the sale of the collateral to the debtor, but the date of sale therein was wrong. This Court held that the secured party failed to give the debtor commercially reasonable notice of the sale of the collateral and therefore the bank was precluded from recovery of any deficiency judgment.
In Westmont Tractor v. Continental I, Inc. (1986), 224 Mont. 516, 731 P.2d 327, one of two debtors agreed with secured party as to how collateral would be sold. The collateral was sold accordingly and no notice of agreement or sale was ever given to the other debtor. The Court held that failure of the secured party to provide notice of sale bars a deficiency judgment against the other debtor. Westmont Tractor, 731 P.2d 331.
In this case the collateral was fixtures and inventory of a store. The secured creditor sold the display cases without any notice whatsoever to the appellant debtor. The judicial proceedings cannot be relied upon as to the other property because the motion to sell the balance of the collateral noted that the sale would occur upon notice to the defendants and the court’s order allowing sale stated that sales are to be conducted by the respondent upon notice being given. The notice allegedly given is not part of the record and did not comply with the parties’ agreement nor did it comply with the statutory law and the District Court did not find in its findings that proper notice of sale was given.
As set forth above every aspect of the disposition must be commercially reasonable. Here there was a failure of any proper notice. Whether or not a notification is reasonable as to time and place as set forth by the statute is one thing, but where no proper notice is given at all, the question of reasonableness is not even reached. This case has been essentially decided on equitable ad hoc grounds by the District Court and this Court. One wonders what the decision would be under these same facts if the creditor was a large financial institution and the debtor was a little grey-haired grandmother who co-signed her grandchild’s or child’s note and security agreement and the institution was seeking a deficiency judgment against her.
CHIEF JUSTICE TURNAGE and JUSTICE HUNT concur in the foregoing dissent.